UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON MILLER, et al., | CASE NO. C09-1425JLR |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS CROSSCLAIMS |
| v. | |
| MEDIA SERVICES ACQUISITION CORP., et al., | |
| Defendants. | |

This matter comes before the court on Defendant/Crossclaimant Charles Picasso's motion to dismiss without prejudice his crossclaims against Defendants Media Services Acquisition Corp. ("MSAC"), Adam Cohen, and Jennifer Sultan (Dkt. # 89). No party has opposed Mr. Picasso's motion. Having considered Mr. Picasso's motion, the balance of the record, and the relevant law, the court GRANTS Mr. Picasso's motion.

In late 2009, Plaintiffs filed this action against Defendants MSAC, Mr. Cohen, Ms. Sultan, and Mr. Picasso, seeking wages owed to them under Washington law.

ORDER- 1

(Compl. (Dkt. # 1).) In January 2010, Mr. Picasso answered Plaintiffs' amended complaint and asserted a counterclaim against Plaintiff Jeffrey Payne; in February 2010, Mr. Picasso filed an amended answer in which he asserted crossclaims against all three of his co-defendants. (Dkt. ## 6, 8.) Mr. Cohen and Ms. Sultan answered Mr. Picasso's crossclaim. (Dkt. # 29.) MSAC, however, filed a notice with this court that it had filed a petition for Chapter 11 bankruptcy. (Dkt. # 30.) Accordingly, the court entered an order stating that the case was automatically stayed with respect to MSAC pursuant to 11 U.S.C. § 362(a). (Dkt. # 31.) On December 22, 2010, the court granted the parties' stipulated motion to dismiss with prejudice Plaintiffs' claims against Mr. Picasso and Mr. Picasso's counter-claim against Mr. Payne. (Dkt. # 85.) On December 30, 2010, Mr. Cohen and Ms. Sultan filed a notice that they had filed a petition for bankruptcy. (Dkt. # 86.) Accordingly, the court entered an order stating that the case was automatically stayed with respect to Mr. Cohen and Ms. Sultan pursuant to 11 U.S.C. § 362(a). (Dkt. # 88.) Mr. Picasso now moves to dismiss his crossclaims against MSAC, Mr. Cohen and Ms. Sultan without prejudice. (Dkt. # 89.)

Federal Rule of Civil Procedure 41(a)(2) provides that, after the opposing party has served either an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The dismissal of claims against a debtor does not violate the automatic bankruptcy stay

because it does not constitute a "continuation" of a judicial proceeding against a debtor under 11 U.S.C. § 362(a). *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006). Dismissals pursuant to Rule 41(a)(2) are without prejudice unless the order states otherwise. Fed. R. Civ. P. 41(a)(2).

Because Plaintiffs dismissed their claims against Mr. Picasso, and because Mr. Picasso dismissed his counterclaim against Mr. Payne, the only claims remaining that involve Mr. Picasso are his crossclaims against MSAC, Mr. Cohen and Ms. Sultan.[1] Thus, Mr. Picasso is effectively in the position of a plaintiff in this action with respect to MSAC, Mr. Cohen, and Ms. Sultan. No party has opposed Mr. Picasso's motion, and the court has identified no plain legal prejudice that would result from Mr. Picasso's dismissal of his crossclaims against his co-defendants. In light of the Ninth Circuit's recognition that a dismissal does not violate the automatic stay provision of 11 U.S.C. § 362(a), *see O'Donnell*, 466 F.3d at 1110, the court GRANTS Mr. Picasso's motion to dismiss without prejudice his crossclaims against MSAC, Mr. Cohen, and Ms. Sultan (Dkt. # 89).

Dated this 6th day of June, 2011.

JAMES L. ROBART
United States District Judge

---

[1] The court granted Mr. Cohen and Ms. Sultan's motion to amend their complaint to add crossclaims against Mr. Picasso, but Mr. Cohen and Ms. Sultan never filed their amended complaint. (*See* Dkt. # 71.)

ORDER- 3