1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JON MILLER, et al.,

                Plaintiffs,

          v.

MEDIA SERVICES ACQUISITION
CORP., et al.,

                Defendants.

CASE NO. C09-1425JLR

ORDER GRANTING SUMMARY
JUDGMENT

## I.    INTRODUCTION

This matter comes before the court on Plaintiffs' unopposed motion for summary judgment against Defendants Adam Cohen and Jennifer Sultan.  (*See* Mot. (Dkt. # 102).) Defendants have filed no response.  (*See generally* Dkt.)  Having considered the submissions of the parties, the balance of the record, and the relevant law, and deeming oral argument unnecessary, the court GRANTS Plaintiffs' motion for summary judgment.

//

ORDER- 1

## II.   BACKGROUND

The following facts are undisputed.  Plaintiffs Jon Miller, Tyler Dary, Tim Fujita-Yuhas, Ian Garrison, Tim Hinderliter, Deidra Johnson, Pedro Margate, Steven Ohmert, Jeffery Payne, Stephen Speicher, and Charles Tso were formerly employed by defendant Media Services Acquisition Corporation ("Media Services").  (Am. Compl. (Dkt. # 4) ¶¶ 3.5-3.15.)  Mr. Cohen and Ms. Sultan were officers of Media Services.  (*Id.* ¶¶ 3.2, 3.3.) After Plaintiffs' employments at Media Services were terminated, they brought this suit against Media Services,[1] Ms. Cohen, and Ms. Sultan for past due wages, deferred compensation, and the value of their paid time off balances.  (*Id.* ¶ 4.11.)  Plaintiffs' claims against Mr. Cohen and Ms. Sultan are brought pursuant to RCW 49.52.050.  (*Id.* ¶¶ 7.2-7.5).  This statute prohibits officers of a company from willfully withholding wages (or other compensation) from employees and holds officers personally liable for doing so.  *See* RCW 49.52.050.

After Mr. Cohen and Ms. Sultan filed a bankruptcy petition, this action was automatically stayed.  (*See* Dkt. # 88.)  The bankruptcy court consolidated their bankruptcy proceedings and appointed a Chapter 11 Trustee.  (*See* Disclosure Statement (Dkt. # 102-3) ¶ C (*In re Cohen*, No. 10-16732, First Amended Disclosure Statement in Connection with Trustee's Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code (April 13, 2013)).)  In the bankruptcy proceeding, Plaintiffs (with the exception of

//

---

[1] Defendant Media Services has since been dismissed from the suit.  (*See* Dkt. # 103.)

1  Tim Fujita-Yuhas[2]) filed proof of their claims against Mr. Cohen and Ms. Sultan in the

2  total amount of $391,757.98.  (*See* Proof of Claims (Dkt. # 102-2) at 3-4.)  The Proof of

3  Claims breaks down the precise amount of each Plaintiff's individual claim for withheld

4  compensation.  (*See id.* at 4.)  The total amount of the Plaintiffs' bankruptcy claim

5  includes unpaid wages, double damages under RCW 49.52.070, prejudgment interest,

6  and attorneys' fees and costs. (*See id.*)  Neither Ms. Sultan nor Mr. Cohen objected to this

7  claim in bankruptcy court.  (Subit Decl. (Dkt. # 102-1) ¶ 7.)

8        The Disclosure Statement filed by the Trustee includes Plaintiffs' claims, which

9  the Disclosure Statement lists as "Class 3," "unsecured," and "contingent, unliquidated."

10  (*See* Disclosure Statement Ex. C.)  Originally, the Trustee's First Amended Joint Plan of

11  Liquidation ("Plan") anticipated no distributions to Class 3 claims such as Plaintiffs'

12  claims.  (*See* Disclosure Statement Ex. B ¶ 4.3.)  The bankruptcy court entered an order

13  ("Confirmation Order") approving the Disclosure Statement and confirming the Trustee's

14  Plan.  (Confirmation Order (Dkt. # 102-4).)  The Confirmation Order, however, amended

15  the Plan to require "the amount of $60,000 to be distributed *pro rata* among the holders

16  of Allowed Class 3 Claims."  (*Id.* ¶ 9.)  The Confirmation Order also directed that "to the

17  extent that any holder of an Allowed Claim is impaired under the Plan, the unpaid

18  balance of any such Allowed Claim following all Distributions under the Plan shall not

19  be discharged."  (*Id.* ¶ 12.)

20  //

21

22  _____

    [2] Plaintiff Tim Fujita-Yuhas dismissed his claims against Ms. Sultan and Mr. Cohen in this case because he did not want to participate in their bankruptcy action.  (*See* 6/10/11 Order (Dkt. # 96).)

1    The Plaintiffs' claim was designated as an "Allowed Claim" under the Plan.  The

2    Trustee's Post-Confirmation Report states that "[o]n October 23, 2012, the Trustee

3    distributed the Class 3 Carve-out in the amount of $60,000 *pro rata* to the holders of

4    Allowed Class 3 Claims."  (Post-Confirmation Report (Dkt. # 102-5) ¶ 7.)  The list of

5    Allowed Claims included in the Post Confirmation Report shows that Plaintiffs received

6    $11,624.68—or 2.96731 % of their total Allowed Claim of $391,757.98.  (Post-

7    Confirmation Report Ex. B at 4 ("Claim 0022").  On June 3, 2014, the bankruptcy court

8    entered a Final Decree closing Mr. Cohen and Ms. Sultan's bankruptcy case.  (Final

9    Decree (Dkt. # 102-6).)  Plaintiffs' now move for summary judgment, arguing that the

10   bankruptcy court's allowance of their claim in the bankruptcy proceedings constitutes res

11   judicata with respect to their claims in this action.  (*See* Mot.)

12                           **III.    ANALYSIS**

13          To begin, because the bankruptcy court has entered a Final Decree closing Mr.

14   Cohen and Ms. Sultan's bankruptcy proceeding, the court ORDERS that the stay entered

15   in this case (Dkt. # 88) is lifted.

16   **A.    Summary Judgment Standard**

17          Federal Rule of Civil Procedure 56 permits a court to grant summary judgment

18   where the moving party demonstrates (1) the absence of a genuine issue of material fact

19   and (2) entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S.

20   317, 322 (1986); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The

21   moving party bears the initial burden of production of showing an absence of a genuine

22   issue of material fact.  *Celotex*, 477 U.S. at 323.  If the moving party will bear the

ORDER- 4

1   ultimate burden of persuasion at trial, it must establish a prima facie showing that it is

2   entitled to judgment as a matter of law. *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48

3   F.3d 1465, 1471, 1473 (9th Cir. 1994). The burden then shifts to the non-moving party to

4   designate specific facts demonstrating the existence of genuine issues for trial. *Celotex*,

5   477 U.S. at 324. If the nonmoving party fails to carry that burden, summary judgment for

6   the moving party is proper. *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210

7   F.3d 1099, 1106 (9th Cir. 2000).

8   **B.   Res Judicata**

9          Res judicata "provides that a final judgment on the merits of an action precludes

10   the parties from re-litigating all issues connected with the action that were or could have

11   been raised in that action." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 898-99 (9th Cir.

12   2001). Res judicata is appropriate where: "(1) the parties are identical or in privity; (2)

13   the judgment in the prior action was rendered by a court of competent jurisdiction; (3)

14   there was a final judgment on the merits; and (4) the same claim or cause of action was

15   involved in both suits." *Id.* (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d

16   708, 713 (9th Cir. 2001)).

17          The Ninth Circuit has long held that "the allowance or disallowance of a claim in

18   bankruptcy is binding and conclusive on all parties or their privies, and being in the

19   nature of a final judgment, furnishes a basis for a plea of res judicata." *Siegel v. Fed.*

20   *Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) (quoting *United States v.*

21   *Coast Wineries,* 131 F.2d 643, 648 (9th Cir. 1942)); *see also Wright v. Wells Fargo Bank,*

22   *N.A.*, No. 11-00212SOM-RLP, 2012 WL 2973202, at *4-8 (D. Haw. July 19, 2012)

1    (holding that bankruptcy court's overruling of objections to a proof of claim constituted

2    res judicata); *Bronson v. Green Tree Servicing, LLC*, No. 2:03-CV-1611 JAM RRB, 2009

3    WL 546159, at *4-6 (E.D. Cal. Mar. 4, 2009) (holding that the bankruptcy court's

4    previous disallowance of the plaintiff's proof of claims constituted res judicata).

5    Moreover, even absent a separate formal order of allowance by the bankruptcy court, a

6    proof of claims that is "deemed allowed" under 11 U.S.C. § 502(a) due to a lack of

7    objection constitutes a final judgment for purposes of res judicata. *Id.* at 529-30 (granting

8    summary judgment due to res judicata by bankruptcy proceedings). "Of course, if the

9    court formally actually allows the claim, there can be little doubt about the ultimate res

10   judicata effect of that allowance." *Id.*; *see also EDP Med. Computer Sys., Inc. v. United*

11   *States*, 480 F.3d 621, 625 (2d Cir. 2007) (agreeing that a bankruptcy court's allowance of

12   an uncontested proof of claim is a final judgment for res judicata purposes).

13   **C.     Plaintiffs' Claims**

14          Plaintiffs' claims in this action meet all four of the criterion for res judicata. The

15   claims in this case and the claims advanced in the bankruptcy proceeding involve

16   identical parties. (*Compare* Proof of Claims *and* Disclosure Statement Ex. C *with* Am.

17   Compl.) There is no dispute that the bankruptcy court is a court of competent

18   jurisdiction. *See Rein*, 270 F.3d at 899. The same cause of action—a claim for

19   wrongfully withheld compensation under RCW 49.52—is at issue in both proceedings.

20   (*Compare* Proof of Claims *and* Disclosure Statement Ex. C *with* Am. Compl.)

21          Finally, the bankruptcy court rendered a final judgment on the merits. Neither Ms.

22   Cohen nor Mr. Sultan objected to the Proof of Claims. (Subit Decl. ¶ 7.) The bankruptcy

ORDER- 6

1    court's Confirmation Order directed that a sum of $60,000.00 would be distributed

2    among the Allowed Class 3 Claims.  (*See* Confirmation Order ¶ 9.)  The Post-

3    Confirmation Report by the trustee shows that the Plaintiffs' claim for $391,757.98 was

4    determined to be an Allowed Class 3 Claim.  (*See* Post-Confirmation Report Ex. B at 4.)

5    On June 3, 2014, the bankruptcy court entered a Final Decree closing Mr. Cohen and Ms.

6    Sultan's bankruptcy proceeding.  (Final Decree (Dkt. # 102-6).)  Accordingly, under

7    *Siegel*, "there can be little doubt about the ultimate res judicata effect" of the bankruptcy

8    court's allowance of Plaintiffs' claim.  *See* 143 F.3d at 529; *see also Wright*, 2012 WL

9    2973202, at *4-8; *Bronson,* 2009 WL 546159, at *4-6.

10        The Post-Confirmation Report further shows that Plaintiffs received only

11   $11,624.68—or 2.96731%—toward their total Allowed Claim.  (Post-Confirmation

12   Report Ex. B at 4 ("Claim 0022").  The remainder of their Allowed Claim was not

13   discharged.  (Confirmation Order ¶ 13 ("[T]o the extent that any holder of an Allowed

14   Claim is impaired under the Plan, the unpaid balance of any such Allowed Claim

15   following all Distributions under the Plan shall not be discharged.")  Therefore,

16   Defendants remain liable to Plaintiffs for the outstanding $380,133.30 in unpaid wages,

17   other compensation, and attorneys' fees.  The Proof of Claims that Plaintiffs filed in the

18   bankruptcy proceedings specifies the amount of each Plaintiff's individual claim, and the

19   court incorporates that schedule of distribution by reference in this order.  (*See* Proof of

20   Claims at 4.)  Because the facts are not in dispute, and because res judicata applies to

21   Plaintiffs' claims as a matter of law, summary judgment in Plaintiffs' favor is

22   appropriate.  *See Celotex*, 477 U.S. at 322.

ORDER- 7

1

## IV.   CONCLUSION

2          For the following reasons, the court GRANTS Plaintiffs' motion for summary

3    judgment (Dkt. # 102).  Defendants Adam Cohen and Jennifer Sultan are jointly and

4    severally liable to Plaintiffs for $380,133.30 as set forth in Plaintiffs' Proof of Claims

5    (Dkt. # 102-2).

6          Dated this 2nd day of July, 2014.

7

8

9
                                        _____
10                                       JAMES L. ROBART
                                        United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 8